IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL BERGER, | ) |
| | ) |
| *Plaintiff*, | ) Case No. 2025-cv-13361 |
| | ) |
| - against - | ) **JURY TRIAL DEMANDED** |
| | ) |
| JORGE SÁNCHEZ, | ) |
| | ) |
| *Defendant*. | ) |
| | ) |

## COMPLAINT

Plaintiff DANIEL BERGER ("Berger" or "Plaintiff"), by his undersigned counsel, for his Complaint against defendant JORGE SÁNCHEZ ("Defendant"), states as follows:

### SUMMARY OF THE CASE

1. This action arises out of an October 2023 Editorial Services Contract (the "Contract") prepared by Defendant, an attorney, to provide services (the "Services") to Plaintiff, who is not an attorney, but a doctor and researcher focusing on AIDS, related to the publication of a book (the "Book") inspired by Plaintiff's collection of important artworks created by Black and LGBTQ artists (the "Collection").

2. In this action, Plaintiff seeks:

   a. A declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that (1) Defendant has no copyright interest in the Book and (2) the Book may be published free of Defendant's claims of ownership and copyright to any of its content; and

   b. Damages for breach of the Contract.

1

## PARTIES, JURISDICTION, AND VENUE

3. Plaintiff Daniel Berger is an individual who resides in Chicago, Illinois, and is a citizen of the State of Illinois.

4. Defendant Jorge Sánchez is an individual who resides in and is a citizen of the State of New Jersey.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 because this civil action arises under the laws of the United States, namely, the Copyright Act, 17 U.S.C. 101 *et seq*.

6. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1332, due to the complete diversity of the parties and because the amount in controversy exceeds $75,000.

7. This Court has personal jurisdiction over Defendant because he (i) conducts business in Illinois in connection with the acts giving rise to this lawsuit, (ii) has sufficient minimum contacts in Illinois, (iii) chose to have the Contract governed by and construed in accordance with Illinois law, and (iv) availed himself of the markets within Illinois, through the promotion, sale, and marketing of his services to Plaintiff as his client in Illinois, to render the exercise of jurisdiction by this Court proper and necessary.

8. Venue is proper in this District pursuant to 28 U.S.C § 1391 because Plaintiff's residence is in the Northern District of Illinois and because a substantial part of the acts that gave rise to the present dispute occurred in the Northern District of Illinois.

## BACKGROUND FACTUAL ALLEGATIONS

9. Defendant is an attorney.

10. Defendant prepared the Contract.

11. Plaintiff and Defendant, along with another person who is not in a dispute with Plaintiff (the "Non-Party Service Provider"), executed the Contract in October 2023.

12. The Services that Defendant agreed to provide in the Contract include, but are not limited to:

    a. a carefully selected title for the Book that captures the Collection;

    b. a selection of artworks to be included in the Book;

    c. reflections on the artworks to be included in the Book;

    d. curatorial support by Plaintiff in consultation with Defendant for

        i. selections of artworks for the Book;

        ii. selections of art historians, writers, curators, artists, activists, and gallerists, to provide essays, reflections, and interviews;

    e. catalog [Book] design

    f. descriptive texts and artist profiles accompanying each artwork for context and background information; and

    g. distribution and promotion of the Book.

13. In the Contract, Defendant agreed to keep information and materials relating to the Book confidential.

14. In the Contract, Defendant agreed (a) that Plaintiff would retain "all rights and ownership of the content in the [Book]" and (b) that Defendant "will not claim ownership or copyright over any of the content" of the Book.

15. In the Contract, Defendant agreed that the Contract shall be governed by and construed in accordance with Illinois law.

3

16. In the Contract, Defendant acknowledged that the Contract represented the entire agreement between Plaintiff and Defendant.

17. In the Contract, Defendant agreed to indemnify and hold harmless Plaintiff against any and all liabilities arising from Defendant's work on the Book.

18. Defendant and the Non-Party Service Provider provided the Services, including Services related to the content of the Book.

19. Defendant provided the Services, including Services related to the content of the Book, "in consultation with" Plaintiff and including Plaintiff's selections, as required by the "Curatorial Approach" Defendant included in the Contract.

## FIRST CLAIM FOR RELIEF

## DECLARATORY JUDGMENT UNDER 28 U.S.C. §§ 2201 and 2202

20. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 19 above as though fully set forth herein.

21. The Book is a collection of artworks and essays compromising a compilation as defined by the Copyright Act, 17 U.S.C § 101.

22. Any introductory essay to the Book written by Defendant constitutes a supplementary work as defined by the Copyright Act, 17 USCS § 101.

23. Plaintiff specifically commissioned Defendant to perform the services in the Contract, including the curation, editing, selection and arrangement of the works to be included in the Book.

24. The Contract provides (a) that Plaintiff would retain "all rights and ownership of the content in the" Book and (b) that Defendant "will not claim ownership or copyright over any of the content" of the Book.

4

25. The Contract and its terms as to the ownership of the copyright in and to the content of the Book constitutes a written work made for hire agreement.

26. The Copyright Act provides: "In the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author for purposes of this title, and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright." 17 U.S.C. § 201.

27. Defendant's services and contributions were prepared for Plaintiff, and therefore, Plaintiff is considered the author of those copyrights.

28. The Contract does not expressly agree that Defendant owns all of the rights comprised in the copyright and in fact states the opposite: that Plaintiff owns all rights of the content of the Book and that Defendant will not claim ownership or copyright over any content of the Book.

29. Plaintiff paid Defendant all amounts due to Defendant pursuant to the terms of the Contract.

30. Notwithstanding the clear and unambiguous terms of the Contract prepared by Defendant providing that (i) Plaintiff would retain "all rights and ownership of the content in the" Book, (ii) Defendant "will not claim ownership or copyright over any of the content" of the Book, (iii) Plaintiff would "perform" as selection of 'essays," "interviews," etc., and (iv) that Defendant would (and did) provide such services jointly with the Non-Party Service Provider and with Plaintiff, Defendant has asserted that an "Introduct[ory] essay" and four other essays/interviews are "original works" that he "co-devised and authored outside" the Contract such that they cannot be included in the Book or published by the Publisher without Defendant's filing claims for copyright infringement and relief under the inapplicable Visual Artist Rights

5

Act and has informed the intended publisher of the Book that Defendant has a copyright interest and to the Book. Defendant also contends that as a facilitator of interviews and conversations between other parties, he owns a copyright in and to the transcriptions of those interviews and conversations, notwithstanding that the transcripts do not contain Defendant's words.

31. Defendant is barred by the terms of the Contract from claiming ownership to any copyright ownership in the Book.

32. An actual controversy exists between Plaintiff, on the one hand, and Defendant, on the other, as to the ownership of the copyrights in and to the Book, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

33. Accordingly, Plaintiff respectfully requests that this Court enter judgment declaring that (i) Defendant's services and contributions to the Book were a work made for hire, and therefore, Plaintiff owns the copyright interests to those contributions and (ii) Plaintiff has the right to publish all materials created in accordance with the terms of to the Contract that Defendant wrote.

34. In the alternative, Plaintiff respectfully requests that this Court enter judgment declaring that Plaintiff has the right to publish materials that were neither written nor contain the transcribed words of Defendant.

**SECOND CAUSE OF ACTION**

**BREACH OF CONTRACT**

35. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 34 as though fully set forth herein.

**Breach of Ownership and Copyrights Provision**

36. By claiming ownership of, and copyright over, content to be included in the Book, Defendant has breached the Contract, including the clear and unambiguous terms of the Contract prepared by Defendant providing that (a) Plaintiff would retain "all rights and ownership of the content in the" Book, and (b) Defendant "will not claim ownership or copyright over any of the content" of the Book.

**Breach of Confidentiality Provision**

37. In violation of the confidentiality obligations that Defendant agreed to in the Contract, Defendant has shared confidential Book-related information and materials about the Book with at least 15-20 persons, a museum, and others.

38. The confidential information shared by Defendant to the above referenced third parties included the content of the Book prior to publication, the Defendant's services and contributions to the Book (including but not limited to the introductory essay), Plaintiff's contributions to the book (including editorial decisions), and the contents of the Contract (including the services delineated therein and the copyright ownership provision).

39. Plaintiff has accordingly suffered damages, including additional costs for services still required, publication delays and expenses related to publication and the Publisher, in amount to be determined at trial, but in no event totaling less than One Hundred Thousand Dollars ($100,000.00) due to Defendant's breaches of the Contract.

40. The Contract also provides that Plaintiff is entitled to be indemnified from all liabilities arising out of Defendant's work.

41. Plaintiff is entitled to recover attorneys' fees and costs based on Defendant's breach of the Contract.

7

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment as follows:

1. On his First Cause of Action, a declaration providing that Plaintiff is the author and owner of any and all copyright interests claimed by Defendant in the Book; that Plaintiff has the right to publish all materials created in accordance with the terms of the Contract; or, in the alternative, a judgment declaring that Plaintiff has the right to publish materials that were neither written by nor contain the transcribed words of Defendant;

2. On his Second Cause of Action, an award of damages in amount to be determined at trial, but in no event totaling less than One Hundred Thousand Dollars ($100,000.00), and

3. Awarding Plaintiff attorneys' fees and costs and such other or further relief as the Court deems just and proper.


Dated: October 31, 2025

                                                  **DANIEL BERGER**

By: *s/Steven P. Mandell*

Steven P. Mandell (ARDC #6183729)
MANDELL P.C.
1 N. Franklin Street, Suite 900
Chicago, Illinois 60606
Telephone: (312) 251-1001
Email: smandell@mandellpc.com
*Attorneys for Plaintiff Daniel Berger*